**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Shawn Bigelow, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:15-cv-494 |
| I.C. System, Inc. a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT -- CLASS ACTION**

Plaintiff, Shawn Bigelow, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that the Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

**PARTIES**

3. Plaintiff, Shawn Bigelow ("Bigelow"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for medical services.

4. Defendant, I.C. System, Inc. ("IC System"), is a Minnesota corporation,

that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  Defendant IC System operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in the State of Indiana.  In fact, Defendant IC System was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Bigelow.

5. Defendant IC System is authorized to conduct business in the State of Indiana and maintains a registered agent within the State of Indiana, see, records from the Indiana Secretary of State, attached as Exhibit A.  In fact, IC System conducts business in Indiana.

6. Defendant IC System is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant IC System acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7. Defendant sent Mr. Bigelow an initial form collection letter, dated November 20, 2014, demanding payment of a debt that was allegedly owed for medical services.  In addition to the principal balance of $152.17, the Defendant also demanded that Mr. Bigelow pay $45.65 for a "Collection Charge", which did not represent the actual cost to collect the debt; rather, it appears to be a flat 30% fee.  Mr. Bigelow had not, in fact, agreed to pay a flat percentage-based collection charge.  A copy of this collection letter is attached as Exhibit C.

8. This letter further stated:

\* \* \*

> The balance shown is the amount due as of the date of this letter.  This amount may change due to interest or other charges that may be added to the account after the date of this letter.

\* \* \*

See, Exhibit C.  The language quoted above is from a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, 214 F.3d 872 (7th Cir. 2000) regarding a mortgage debt where interest and other charges were accruing.  Accordingly, it is only appropriate where interest and charges are actually accruing on a debt.

9. In fact, no interest or other charges were being added to this debt, as Defendant's subsequent letter, dated February 18, 2015 (showing that the amount of the debt was still $197.82) confirmed.  A copy of this collection letter is attached as Exhibit D.  Thus, Defendant's claim, that the amount of the debt may increase, was not true.

10. All of Defendant's collection actions at issue complained of herein occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**False, Deceptive Or Misleading Statements**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal

3

status of any debt, see, 15 U.S.C. § 1692e(2)(A).

14. Defendant, by attempting to collect a "Collection Charge", when it has no right to impose a flat 30% fee, made a false, deceptive or misleading statement, in violation of § 1692e of the FDCPA. See, Kojetin v. C U Recovery, 212 F.3d 1318 (8th Cir. 2000); Seeger v. AFNI, 548 F.3d 1107 (7th Cir. 2008); and, Bradley v. Franklin Collection Service, 779 F.3d 606 (11th Cir. 2014).

15. Additionally, Defendant, by stating, in its collection letter that the amount of the balance ". . . may change due to interest or other charges that may be added to the account . . .", when, in fact, the debt was not accruing any interest or other charges, made a false statement, in violation of § 1692e of the FDCPA. See, Lox v. CDA, 689 F.3d 818 (7th Cir. 2012).

16. These are materially false statements that would lead any consumer to believe that they had to pay a collection charge and pay right away to avoid having the amount of the debt increase.

17. Defendant's violations of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-11.

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement

4

creating the debt or permitted by law, see, 15 U.S.C. § 1692f(1).

20. Defendant, by attempting to collect a flat 30% "Collection Charge", when it had no right to do so, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA. See, Kojetin v. C U Recovery, 212 F.3d 1318 (8th Cir. 2000); Seeger v. AFNI, 548 F.3d 1107 (7th Cir. 2008); and, Bradley v. Franklin Collection Service, 779 F.3d 606 (11th Cir. 2014).

21. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

22. Plaintiff, Shawn Bigelow, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt, via a collection letter similar to the letter that is attached to the Complaint (Exhibit C), as to which there was no right to charge a flat percentage-based collection charge and where no interest or other charges were accruing, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

23. Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Bigelow, in its attempts to collect delinquent consumer debts from other persons.

24. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter it sent Plaintiff Bigelow.

25. Plaintiff Bigelow's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

27. Plaintiff Bigelow will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Bigelow has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Shawn Bigelow, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Bigelow as Class Representative of the Class, and his attorneys as Class Counsel;

3. Declare that Defendant's collection practices violate the FDCPA;

4. Enter judgment in favor of Plaintiff Bigelow and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Shawn Bigelow, individually and on behalf of all others similarly situated demands trial by jury.

    Shawn Bigelow, individually and on behalf of all others similarly situated,

    By: /s/ David J. Philipps_____
    One of Plaintiff's Attorneys

Dated: March 25, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

8